104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andres AVILA, Plaintiff-Appellant,
v.
Joe KLAUSER; CPL Fletcher; Gordon Conrad, Disciplinary
Hearing Officer, Defendants-Appellees.
 No. 96-35307.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andres Avila, an Idaho state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in Avila's 42 U.S.C. § 1983 action alleging that defendants violated his due process rights during prison disciplinary proceedings which resulted in Avila's placement in disciplinary detention. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Avila contends that the district court erred by granting summary judgment for prison officials without permitting him to amend his complaint or to conduct discovery. These contentions lack merit.
 
 
 4
 We review de novo a district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Id.
 
 
 5
 Here, defendants moved for summary judgment based upon the Supreme Court's recent pronouncement that "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). In opposition to summary judgment, Avila submitted no evidence to raise a genuine issue of material fact as to whether his placement in disciplinary segregation imposed an "atypical and significant hardship" on Avila "in relation to the ordinary incidents of prison life." See id. at 2300. Accordingly, the district court did not err by granting summary judgment for prison officials. See Bagdadi, 84 F.3d at 1197.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3